**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

Civ. No. 01-1705 (RHK/JMM)
**ORDER FOR JUDGMENT OF FORECLOSURE AND SALE**

Karen Drescher; Eugene Drescher; Minnesota Department of Economic Security, f/k/a Minnesota Department of Jobs and Training; Ameriquest Mortgage Company; and Minnesota Department of Revenue,

Defendants.

---

## Introduction

Before the Court is Plaintiff United States of America ("the United States") and Defendant Ameriquest Mortgage Company's ("Ameriquest") Motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The United States filed suit in this matter seeking to reduce to judgment Defendant Karen Drescher's federal income tax assessments, foreclose on federal tax liens encumbering her undivided half-interest in certain real property owned with Eugene Drescher, and order sale of the property. Ameriquest is the holder of a mortgage on the real property. The Minnesota Department of Jobs and Training and the Minnesota Department of Revenue (collectively

"the State of Minnesota") also assert tax liens against Karen Drescher's half-interest in the real property.

The United States and Ameriquest served Karen and Eugene Drescher with their motions on or about January 20, 2004 and January 22, 2004, respectively. The State of Minnesota served the Dreschers with its response memorandum on or about February 9, 2004. The Clerk had previously entered a default against the Dreschers on October 27, 2003 and they have failed to respond to either the United States or Ameriquest's motion. On February 10, 2004, this Court ordered the United States, Ameriquest, and the State of Minnesota to submit an agreed upon Order of Sale regarding the real property. After agreeing to the relative priorities of their interests, the parties submitted such an order. Accordingly, the United States and Ameriquest's Motions for Summary Judgment (Doc. Nos. 33 & 36) are **GRANTED**. Pursuant to 28 U.S.C. §§ 2001 and 2002, **IT IS ORDERED, ADJUDGED AND DECREED** that:

1. The federal tax assessments made against Karen Drescher are valid.

2. The United States is entitled to judgment as a matter of law against Karen Drescher for the years 1991 through 1993.

3. Judgment shall be entered against Karen Drescher in the amount of One Hundred Sixty Six Thousand Three Hundred Eighty One Dollars and Ninety Three Cents ($166,381.93), plus additional interest and additions accruing pursuant to law after January 9, 2004, in favor of the United States.

4. The United States' tax liens are valid and subsisting and attach to Karen Drescher's undivided half-interest in real property located at 4214 Hanrehan Trail, Prior Lake, Minnesota and legally described as Lots 7 and 8, Block 1, Jones First Addition, Scott County, Minnesota (the "Property").

5. The State of Minnesota's tax liens, as described in Paragraph 16(d), are valid and subsisting and attach to Karen Drescher's undivided half-interest in the Property.

6. The November 30, 2001 Scott County Sheriff's foreclosure sale of the Property under Ameriquest's Mortgage, recorded with the Scott County, Minnesota, County Recorder as Document No. A 486102, as evidenced by the Scott County Sheriff's Certificate of Sale recorded as Document No. A 528075 with the Scott County Recorder, is hereby set aside.

7. Ameriquest's Mortgage on the Property, recorded with the Scott County, Minnesota County Recorder as Document No. A 486102, is hereby reinstated.

8. In the event the proceeds of the sale of the Property shall not be sufficient to pay and satisfy all amounts due and owing under Ameriquest's Mortgage, Ameriquest shall have the right to recover from Karen and Eugene Drescher the amount of such deficiency, and Ameriquest shall have judgment docketed in its favor against Karen and Eugene Drescher accordingly.

9. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens against the Property in order to satisfy the liabilities of Karen Drescher set forth in Paragraph 3.

10. The Internal Revenue Service (hereinafter referred to as "IRS" and including its authorized agents or officers) is authorized and directed, under 28 U.S.C. §§ 2001 and 2002, to proceed forthwith, without further order or process, to offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest bidder, according to law and pursuant to the terms and conditions set forth herein, the Property described in Paragraph 4.

11. This Order shall act as a Special Writ of Judicial Sale, and no further order or process from the Court shall be required.

12. This sale of real property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

13. The Property described in Paragraph 4 shall be sold pursuant to the terms and conditions set forth in this Order and as follows:

a. The IRS is authorized and directed under 28 U.S.C. §§ 2001, 2002, and 2004 to offer for public sale and to sell the Property subject to approval of the Court;

b. The IRS is authorized to have free access to the Property until the deed to the Property is delivered to the ultimate purchaser;

c. The sale of the Property shall be free and clear of the interests of Karen and Eugene Drescher;

d. The sale shall be subject to building liens, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

e. The sale shall be held either at the federal courthouse of the judicial district in which the Property is located, at the office of the IRS, or on the Property's premises;

f. The date and time for sale are to be announced by the IRS. The IRS is permitted to enter the premises and prospective buyers shall be allowed to inspect the interior and exterior of the Property at such time as the IRS shall determine is reasonable and convenient;

g. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Scott County, and at the discretion of the IRS, by any means deemed appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this Order of Sale;

h. The minimum bid shall be set by the IRS. If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary;

i. The successful bidder(s) shall be required to deposit with the IRS $10,000 by certified or cashier's check or cash payable to the United States District Court for the District of Minnesota, immediately upon the Property being struck off and awarded to the highest bidder. Before being permitted to bid at the sale, bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the payment required by this order of sale;

j. The balance of the sale price shall be tendered to the IRS by certified funds, payable as indicated above, no later than thirty (30) days after the sale is confirmed by the Court;

k. If the bidder fails to pay the sales price in full, the realty shall be again offered for sale by the IRS without further permission of this Court, under the terms and conditions of this Order of Sale. The United States may bid as a credit against its judgment without tender of cash; and

l. The sale of the property shall be subject to the confirmation by this Court. On confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by all parties to this action are discharged and extinguished.

14. Until the Property is sold, Karen and Eugene Drescher shall take all reasonable steps necessary to preserve the property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition

including, without limitation, maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the property, nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to affect adversely the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they permit or cause anyone else to do so.

15. All persons occupying the Property shall leave and vacate the Property permanently within 30 days from the receipt of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the property). If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the IRS will coordinate with the United States Marshal for the District of Minnesota and his deputies to take all actions that are reasonably necessary to bring about the ejectment of those persons. The United States Marshal and his or her deputies are **AUTHORIZED** and **DIRECTED** to take all actions that are reasonably necessary to bring about the ejectment of those persons. If any person fails or refuses to remove his or her personal property from the Property within the time specified herein, the personal property remaining on the Property thereafter is deemed to

be forfeited and abandoned, and the IRS, and/or the United States Marshal and his or her deputies are **AUTHORIZED** to remove it and dispose of it in any manner the IRS and/or Marshal sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, and the balance to be paid into the Court for further distribution.

16. The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient to the following items, in the following manner:

a. First, to the IRS for the Administrative costs of the sale of the Property;

b. Second, to Scott County, Minnesota, the amount necessary to satisfy the property taxes due and owing, if any, on the date of the sale in regard to the Property;

c. Third, to Ameriquest one-half of the remaining proceeds up to the amount necessary to satisfy the outstanding mortgage in the amount of $165,000.00 it holds on Eugene Drescher's undivided one-half (Fifty percent (50%)) interest as joint tenant in the Property;

d. Fourth, to the United States Department of Justice and to the State of Minnesota the remaining proceeds in the following order and amounts (with additional interest at the applicable statutory rates to the date of payment), for Karen Drescher's undivided one-half (Fifty percent (50%)) interest in the remaining balance as joint tenant in the Property, to be applied to the outstanding federal and state tax liabilities of Karen Drescher as follows:

| | **Tax Period Ending** | **Tax Type Tax Agency** | **Assessment Date On Lien (*Drescher Assessment Date)** | **Lien filing date (renewal date)** | Face Amount | Balance (to date indicated) |
|---|---|---|---|---|---|---|
| 1 | 03/31/90 | Unemployment Minn DES | 02/15/91 *02/15/91 | 07/12/91 (06/14/01) | $20,030.70 | $21,267.65 to 05/27/03 |
| 2 | 06/30/90 | " | 02/15/91 *02/15/91 | " | $9,635.05) | $10,686.98 to 05/27/03 |
| 3 | 09/30/90 | " | 02/15/91 *02/15/91 | " | $2,190.30 | $2,436.21 to 05/27/03 |
| 4 | 6/30/91 | Trust Fund US IRS | 9/20/91 | | $40,720.87 | $47,533.77 |
| 5 | 06/30/91 | Withholding Minn DOR | 7/31/91 (* 5/26/92) | 11/12/92 (12/28/01) | $5,458.75 | $5,690.92 to 02/10/03 |
| 6 | 12/31/90 | " | 5/15/91 (* 5/26/92) | " | $2,565.72 | $2,672.34 to 02/10/03 |
| 7 | 03/31/90 | " | 8/12/91 (* 5/26/92) | " | $12,655.98 | $3,890.08 to 02/10/03 |
| 8 | 06/31/90 | " | " | " | $4,157.27 | $4,322.38 to 02/10/03 |
| 9 | 03/31/91 | " | " | " | $7,609.86 | $7,930.24 to 02/10/03 |
| 10 | 12/31/91 | " | 1/31/92 (* 5/26/92) | " | $6,972.20 | $7,278.05 to 02/10/03 |
| 11 | 12/31/91 | " | 2/4/92 (* 5/26/92) | " | $284.04 | $294.01 to 02/10/03 |
| 12 | 09/30/91 | " | 6/30/92 (* 7/06/92) | " | $7,796.53 | $8,133.80 to 02/10/03 |
| 13 | 03/31/92 | " | " | " | $3,162.28 | $3,293.14 to 02/10/03 |
| 14 | 03/31/92 | Unemployment Minn DES | 01/11/93 | 04/13/93 (04/03/03) | $8,383.00 | $8,424.00 to 05/27/03 |
| 15 | 3/31/92 | Trust Fund US IRS | 3/1/93 | | $26,620.42 | $49,128.04 |

e. Fifth, to Eugene and Karen Drescher the remainder of any proceeds remaining after payment of items a, b, c, and d above.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 15, 2004

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge