UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Karen Drescher; Eugene Drescher; Minnesota Department of Economic Security f/k/a Minnesota Department of Jobs and Training; Ameriquest Mortgage; and Minnesota Department of Revenue,<br><br>Defendants. | ) | Case No. 01-1705 RHK/AJB |

**Plaintiff United States' Memorandum**
**of Law in Support of Motion to Enter Subject Real Property**

On March 15, 2004, this Court entered an Order of Sale permitting the IRS to sell the Dreschers' home to satisfy Karen Drescher's outstanding federal tax liabilities. The Order required the Dreschers to "preserve [the subject real property] in its current condition," to permit the IRS to have "free access" to the property to prepare it for sale, and to vacate the subject real property "within 30 days."[1]

As set forth more fully in the declaration of Michael R. Pahl and the attached exhibits, the Dreschers have failed to comply with the Order of Sale. Steven Hopkins, the IRS Property Appraisal and Liquidation Specialist who is handling the sale, has visited the subject real property and observed that the house is in poor condition, and that one floor is "strewn with cat droppings

[1]Order of Sale at 4, 6-7.

and trash."[2] While visiting the subject real property this summer, Hopkins also noted that "stench of urine that came from [an open window near the front door] was pungent."[3]

Hopkins' visit to the home on November 15, 2004 further establishes that the Dreschers have failed to preserve the property in its current condition. During this recent visit, Hopkins noted that "the electrical meter has been removed from the service and it appears that there is no power coming into the house."[4] Hopkins is also concerned about the lack of heat at the house, which poses a danger not only to the cats living there, but could diminish the house's value if water pipes were to burst, a not uncommon experience even in heated homes during a Minnesota winter.[5]

Based on these two visits to the Dreschers' house, Hopkins concludes that no one is living there. By letter dated October 20, 2004, the Government's counsel informed an attorney representing Karen Drescher that Hopkins will do a walk-through of the Dreschers' house on November 15, 2004.[6] Despite the IRS's clear legal right to enter the Dreschers' house, Hopkins was informed by Karen Drescher's lawyer that the Dreschers did not believe he had the legal right to enter the property.[7] Because the Dreschers did not appear at the house on November 15, 2004,

---

[2]Pahl Decl. Ex. 1.

[3]Pahl Dec. Ex. 1.

[4]Pahl Dec. Ex. 2.

[5]Pahl Dec. Ex. 2.

[6]Pahl Dec. Ex. 3.

[7]Pahl Dec. ¶ 2.

Hopkins was unable to enter the house to prepare it for sale.[8]

For this reason, the Government moves for an order permitting Hopkins to enter the property accompanied by U.S. Marshals, who may use appropriate force necessary to effectuate the Order of Sale. Hopkins will make all necessary arrangements with local animal control regarding the cats living at the property. In addition, because the Dreschers have failed to maintain the property in its current condition and have refused to provide the IRS free access to the property in violation of the Order of Sale, Hopkins should be permitted to change the locks, evict any persons residing there, and dispose of any property left at the Dreschers' house. A proposed order is attached.

## Conclusion

For the reasons set forth above, the United States' motion to enter subject real property should be granted.

THOMAS B. HEFFELFINGER
United States Attorney

s/Michael R. Pahl

MICHAEL R. PAHL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6488

[8]Pahl Dec. Ex. 2.